## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ASHLEY LEFAVE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **C.A. No. 4:20-cv-359** |
| | § | **(JURY)** |
| **HARRIS COUNTY, HARRIS COUNTY** | § | |
| **SHERIFF'S OFFICE, and** | § | |
| **DEPUTY S. LEGG, Individually** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, ASHLEY LEFAVE, Plaintiff, hereinafter "Plaintiff", and for cause of action would respectfully show unto the Honorable Court and Jury the following:

### I.
### Parties

1.    Plaintiff Ashley Lefave is a resident of Houston, Harris County, Texas.

2.    Defendant Stephen M. Legg (hereinafter, "Deputy Legg") is a resident of Harris County, Texas and may be served with citation wherever he may be found.

3.    Defendant Harris County (hereinafter "Harris County") is a governmental unit of the State of Texas and the acting employer of Defendant Stephen M. Legg.  Harris County may be served with process by serving its County

1

Judge, the Honorable Lina Hidalgo, at 1001 Preston, Suite 911, Houston, Texas 77002, or wherever she may be found.

4.      Defendant Harris County Sheriff's Office (hereinafter "HCSO") is a governmental entity and the acting employer of Defendant Stephen M. Legg.  HCSO may be served with process by serving its Sheriff, the Honorable Ed Gonzalez, 1200 Baker Street, Houston, Texas 77002, or wherever he may be found.

## II.
## Jurisdiction

5.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, because the claims involve a question of federal law under 42 U.S.C. § 1983. This Court further has pendant and ancilliary jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).

## III.
## Venue

6.      Venue is proper in this cause in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because all or substantial part of the events which gave rise to this cause of action occurred in the Southern District of Texas.

## IV.
## Facts

7.     On or about February 4, 2018, Deputy Legg, while acting under color of state law and pursuant to a widespread custom and practice of the Harris County Sheriff's Office, was transporting Plaintiff to the Harris County jail.

8.     Upon arriving to the Harris County jail, Deputy Legg was walking Plaintiff into the jail, while Plaintiff's hands were restrained by Harris County-issued handcuffs, when Deputy Legg unlawfully and with violent, excessive force brutally punched Plaintiff, a small woman, in the face.

9.     Immediately after Deputy Legg viciously punched Plaintiff, Deputy Legg had to be restrained by other deputies to stop him from continuing to punch and further seriously injure or kill Plaintiff.

10.    As a result of Defendants' excessive, unreasonable, and unlawful conduct, Plaintiff suffered a broken orbital socket and required surgery.

11.    Defendants were deliberately indifferent to Plaintiff's clearly established constitutional rights and injuries, and actively tried to conceal their inexcusable conduct by charging Plaintiff with assault on a peace officer, a charge which was subsequently dismissed.  Most notably, the Harris County Sheriff's Office Disciplinary Committee has "sustained" Plaintiff's complaint allegations against Deputy Legg.

**V.**
**Causes of Action**

3

## Deputy Stephen M. Legg, Individually.

A.    **Violations of 42 U.S.C. Section 1983 – Excessive Force in Violation of Plaintiff's Fourth and Fourteenth Amendment Rights.**

12.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

13.    Deputy Legg, while acting under the color of state law as a uniformed sheriff's deputy, deprived Plaintiff of clearly established rights secured to him by the Constitution of the United States of America.  Deputy Legg brutally and using excessive force assaulted Plaintiff without adequate provocation from Plaintiff. Deputy Legg's conduct showed conscious indifference to a right to be free of unreasonable seizure, as guaranteed by the Fourth Amendment, which was well-known to Deputy Legg at the time.  Plaintiff suffered severe injuries that were clearly a result of Deputy Legg's excessive and unreasonable actions.

14.    Plaintiff posed no threat to the officers or the public when she was being walked into the Harris County jail.  No reasonable officer or person in Deputy Legg's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.  Plaintiff was restrained by handcuffs at the time Deputy Legg punched Plaintiff.  Moreover, no reasonable officer would have thought it was necessary to punch and then go back and attack Plaintiff to prevent

4

imminent harm, as Plaintiff was not resisting when this conduct occurred. This assault also constitutes a cause of action under Texas civil law.

15.     Deputy Legg's actions constitute conscious indifference to Plaintiff's rights under the Fourth Amendment of the U.S. Constitution and his conscious indifference to those rights was the producing and proximate cause of Plaintiff's injuries. The force Deputy Legg used was greatly in excess of what the situation required, and his actions are shocking to the public.

16.     Deputy Legg's actions were taken pursuant to a custom and practice of Harris County that is so widespread as to have the force of law.

**B.     Violations of 42 U.S.C. Section 1983 – Summary Punishment in Violation of Plaintiff's Fourteenth Amendment Rights.**

17.     Plaintiff hereby fully incorporates the preceding paragraphs by reference.

18.     The Fourteenth Amendment provides that *every* citizen is guaranteed due process of law prior to loss of life, liberty, or property. Deputy Legg's violent assault on Plaintiff occurred despite provocation, or danger to the public or Deputy Legg. Deputy Legg took it upon himself to punish Plaintiff by the actions described above.

19.     Deputy Legg acted under color of state law when he assaulted Plaintiff. Deputy Legg's actions demonstrate a conscious indifference to Plaintiff's clearly

5

established constitutional right to due process.  Deputy Legg's actions constitute conscious indifference to Plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution and his conscious indifference to those rights was the producing and proximate cause of Plaintiff's injuries.  This also constitutes a cause of action under Texas civil law.

20.    Plaintiff posed no threat to the officers or the public when she was brutally punched.  No reasonable officer or person in Deputy Legg's position would have thought the force brought to bear was necessary to prevent imminent harm to him or the public.  Plaintiff was in handcuffs being escorted to the Harris County jail.  Moreover, no reasonable officer would have thought it was necessary to punch and injure Plaintiff.

21.    Deputy Legg's actions were taken pursuant to a custom and practice of Harris County that is so widespread as to have the force of law.

**C.**    **Violations of 42 Section 1983 Eighth Amendment – Cruel and Unusual Punishment.**

22.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

23.    Deputy Legg violated Plaintiff's Eight Amendment rights to be free of cruel and unusual punishment.  While not every action taken may not constitute excessive force or cruel and unusual punishment, the conduct taken by Deputy Legg

was of such a degree as to shock the conscience of the community and the Court. There was no need for Deputy Legg to tackle Plaintiff. There was no need for Deputy Legg to take the actions described above. Deputy Legg's conduct was grossly disproportionate to the need under the circumstances and was motivated by malice and for the very purpose of causing harm to Plaintiff. Plaintiff suffered injuries as a result of Deputy Legg's unconstitutional, cruel, and unusual punishment, and this assault constitutes a cause of actions under Texas civil law.

24.    This conduct was done pursuant to a custom and practice of Harris County and HCSO that is so widespread as to have the force of law.

**Harris County and Harris County Sheriff's Office.**

**A.    Violations of 42 U.S.C. Section 1983 – Policy and Procedures of Excessive Force and Cruel and Unusual Punishment.**

25.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

26.    Defendants and its police force have a policy of using excessive force and subjecting their detainees to cruel and unusual punishment; this is clear from the reactions of the other police officers that were present while Deputy Legg was assaulting Plaintiff, which was that of a common occurrence. This is also reasonably clear from other instances where Defendants have conducted themselves in this manner. While Defendants certainly do not have a written policy requiring the use

of excessive force, it is apparent that excessive force is standard procedure for Defendants' officers and deputies.  By tacitly approving of excessive force and its proclivity to "turn a blind eye" to gross violations of clearly established constitutional rights, Defendants have created a policy of brutality and excessive force.  This practice is so pervasive as to have the force of law.

27.    This policy of brutality, excessive force, and cruel and unusual punishment demonstrates a conscious indifference to the clearly established constitutional rights secured our citizens by the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution.  The foregoing policy was the proximate and producing cause of Plaintiff's injuries.

**B.**    **Violations of 42 U.S.C. Section 1983 – Policy and Procedure:  Failure to Properly Train.**

28.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

29.    Defendants have failed to adequately train its officers in the following areas:

      a.    proper escalation of force;

      b.    the use of excessive force;

      c.    the illegality of excessive force;

      d.    the constitutional limits of the use of force;

8

    e.    the necessity and proper limits of force in a custodial setting; and

    f.    how to care and provide medical attention to inmates who are injured or have complained of injuries.

30.    This policy of failing to adequately train its officers shows a conscious indifference to the rights secured by the Fourth, Eighth, and Fourteenth Amendments to the citizens of Harris County and Plaintiff in particular.  Defendants' failure to properly train its officers is so reckless that misconduct by its officers was inevitable. The policy of inadequate training was a producing and proximate cause of Plaintiff's injuries and is so pervasive as to have the force of law.

**D.**    **<u>Violations of the Texas Tort Claims Act.</u>**

31.    Plaintiff hereby fully incorporates the preceding paragraphs by reference.

32.    This cause of action is advanced against Harris County in the alternative.  Defendants' conduct toward Plaintiff violated the Texas Tort Claims Act.  Tex. Civ. Prac. & Rem. Code Sec. 101.001 *et seq.*

33.    Harris County's negligence, including but not limited to its failure to train and supervise Deputy Legg and other deputies, who were acting in the course and scope of their employment for Harris County at the time of the assault, injured Plaintiff, causing her physical injury, pain and suffering, mental anguish, and humiliation.  Harris County is vicariously liable for its agents' negligent acts.

34.    Plaintiff's damages, which were proximately caused by Harris County and its agents, were caused by the use of tangible personal property.  Specifically, Deputy Legg used his fist while Plaintiff was restrained by Harris County-issued handcuffs.  The personal property at issue contributed to Plaintiff's injuries and damages.

## VI.
## Damages

35.    As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' negligence, Plaintiff has suffered serious injuries, will likely sustain additional damages in the future and is entitled to recover:

   a.    Past medical bills and expenses incurred as a proximate result of the occurrence made the basis of this lawsuit;

   b.    Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the occurrence made the basis of this lawsuit;

   c.    Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

   d.    Physical impairment in the past and in the future;

   e.    Physical disfigurement in the past and in the future;

   f.    Lost wages;

   g.    Pre-judgment and post-judgment interest; and

      h.      Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII.
## Exemplary Damages

36.    Plaintiff hereby fully incorporates the preceding paragraphs by reference as if fully stated herein.

37.    Plaintiff would further show that the above described acts and omissions were committed with malice and reckless indifference to the protected rights of Plaintiff, as that term is defined by Texas Civil Practice and Remedies Code §41.003(11). The acts or omissions of the Defendants, when viewed objectively from the Defendants' standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless disregarded those risks proceeding with conscious indifference to the rights, safety, or welfare of others.

## VIII.
## Attorneys' Fees

38.    Plaintiff is further entitled to receive her reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## IX.
## Jury Demand

11

39.    Plaintiff demands a trial by jury and the appropriate fee has been tendered.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for such relief, both in law and in equity, that this Court establishes Plaintiff is entitled to.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

*/s/ Clive Markland*

By: _____
Sean A. Roberts
Federal Id. No. 28177
State Bar No. 00797328
Clive Markland
Federal Id. No. 585658
State Bar No. 24027475
Rob O. Cantu
Federal Id. No. 3180919
State Bar No. 24094580
2555 N. MacGregor Way
Houston, Texas 77004
713.630.0900 (Telephone)
713.630.0991 (Fax)
sr@robertsmarkland.com
cm@robertsmarkland.com
rc@robertsmarkland.com
eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFFS**